**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

ELLIS CHARLES BUTLER,       )
ADC # 110397                )
   Plaintiff,             )       **Case No. 5:12-CV-00337 JLH-JTK**
                            )
v.                          )
                            )
RAY HOBBS, Director, Arkansas )
Department of Correction    )
   Defendant.             )

## <u>PROPOSED FINDINGS AND RECOMMENDATIONS</u>

### Instructions

    The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

    If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the

Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before
the District Judge in the form of an offer of proof, and a copy, or the
original, of any documentary or other non-testimonial evidence desired to
be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional
evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

### Disposition

BEFORE THE COURT is the Petition for Writ of Habeas Corpus filed by Ellis Charles
Butler. (Doc. No. 1).  After reviewing the parties' briefing and the available evidence, the Court
finds that Petitioner's claims should be DISMISSED.

### Background

Petitioner was initially convicted of three counts of rape and four counts of violation of a
minor by a jury in the Faulkner County (Arkansas) Circuit Court.  That trial was presided over
by Judge Karen Baker.  The Arkansas Supreme Court subsequently overturned the conviction
because the trial judge erroneously denied a motion to continue before trial. *Butler v. State*,
339 Ark. 429, 5 S.W.3d 466 (1999).

Judge Baker was elected to the Arkansas Court of Appeals, so Judge David Reynolds
presided over Petitioner's retrial.  Upon request, Judge Reynolds agreed to dismiss the violation
of a minor charges, which involved multiple victims, so that the only remaining charges were the

rape charges, which involved a single victim, B.J.M.  He was then convicted of three counts of rape and sentences to 32 years per count.  In accordance with the jury's recommendation, the sentences were to run consecutively.  On appeal, Petitioner argued that 1) there was insufficient evidence to sustain the convictions, 2) the judge erred when he failed to grant a mistrial when a juror revealed that he knew about Petitioner's first trial during deliberations, 3) the judge erred by failing to introduce evidence of B.J.M.'s prior sexual activity under the Arkansas rape-shield law, and 4) the trial judge erred by allowing testimony from Petitioner's other two victims regarding his sexual abuse.  The Arkansas Supreme Court affirmed his conviction on June 13, 2002. *Butler v. State*, 349 Ark. 252, 82 S.W.3d 152 (2002).

Petitioner later sought postconviction relief pursuant to Ark. R. Crim. P. 37.1, but his first two attempts were denied initially and then reversed by the Arkansas Supreme Court.  His third attempt argued that his trial counsel was ineffective for 1) failing to object to his sentence as being unconstitutionally vindictive, 2) failing to object to a juror's communications with the judge regarding deliberations, 3) failing to move to strike a juror for cause, and 4) referencing Petitioner's previous trial during voir dire. *Butler v. State*, 2011 Ark. 435, 384 S.W.3d 526 (2011).

Petitioner now argues that he is entitled to relief because his trial counsel was ineffective for 1) failing to object to his sentence as being unconstitutionally vindictive, 2) failing to object to a juror's communications with the judge regarding difficulties in deliberations and the Court's instruction to the entire jury to continue deliberating, 3) failing to move to strike a juror for cause based on an alleged bias, and 4) referencing Petitioner's previous trial during voir dire.

Respondent contends that Petitioner's second and fourth claims are procedurally defaulted and that all four claims are without merit.

## Standard of Review

Federal courts may only overturn a state adjudication through habeas if it resulted in a decision that was 1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or 2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"A state court decision is 'contrary to' clearly established federal law if it reaches a conclusion opposite that of the Supreme Court on a question of law, or reaches a decision contrary to the Supreme Court on materially indistinguishable facts." *Arnold v. Dormire*, 675 F.3d 1082, 1085 (8th Cir. 2012) (citing *Williams v. Taylor*, 529 U.S. 362, 405 (2000)). "A state court decision involves an 'unreasonable application' [of federal law] when it identifies the correct legal rule, but unreasonably applies it to the facts. 'A state court's application of clearly established federal law must be objectively *unreasonable*, not merely incorrect, to warrant the granting of a writ of habeas corpus.'" *Id.* (quoting *Jackson v. Norris*, 651 F.3d 923, 925 (8th Cir. 2011)) (internal citations omitted).

The Arkansas Supreme Court correctly identified *Strickland v. Washington*, 466 U.S. 668, 687 (1984), as the appropriate rule for reviewing Petitioner's ineffective assistance claims, so Petitioner must demonstrate that the court's application of *Strickland* was objectively unreasonable. *Jackson*, 651 F.3d at 925.

In order to succeed on his ineffective assistance of counsel claims, Petitioner must have shown both that 1) his counsel provided deficient assistance and 2) he was prejudiced as a result. *Strickland*, 466 U.S. at 687.  To establish deficient performance, he must have demonstrated that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688.  This means showing "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687.  Courts must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. *Id.* at 689.  With respect to prejudice, Petitioner must have demonstrated "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.  It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693.  Counsel's errors must have been "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

An ineffective assistance claim in the federal habeas context is doubly difficult because courts must "take a 'highly deferential' look at counsel's performance through the 'deferential lens of § 2254(d).'" *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011) (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

### Discussion

Petitioner's first argument maintains that counsel was ineffective for failing to object to his sentence on retrial as being unconstitutionally vindictive due to his successful appeal.  He relies on *North Carolina v. Pearce*, 395 U.S. 711 (1969), which held that it is unconstitutional

for a judge to sentence a defendant on retrial to a longer sentence than he received after the first trial, if the object is to punish the defendant for having successfully appealed his first conviction or to discourage similar appeals by others.  To prevent a presumption of vindictiveness in such situations, *Pearce* instructed courts to fully explain why the sentence was more severe on retrial.

Petitioner was initially charged with nine counts of violation of a minor in the first degree, one count of first degree sexual abuse, and four counts of rape.  He was convicted of four counts of violation of a minor and three counts of rape.  The jury imposed sentences of three years for each violation of a minor charge and twelve years for each rape charge, and they were to run consecutively for a total of sixty years.

A different judge presided over Petitioner's retrial, and he was only charged with three counts of rape.  The second jury found him guilty and sentenced him to thirty-two years for each rape count, and they made a non-binding recommendation that the sentences run consecutively for a total of ninety-six years.   The judge adopted the jury's recommendation, but did not appear to offer any explanation why.

Given the circumstances and precedent regarding vindictive sentencing, the Court finds that the Arkansas Supreme Court's application of *Pearce* was not objectively unreasonable.   The court correctly identified *Pearce* as the applicable rule and explained the import of subsequent holdings.  The United States Supreme Court has repeatedly explained that there will always be a possibility of a legitimately harsher sentence on retrial. *Chaffin v. Stynchcombe*, 412 U.S. 17 (1973); *see also Alabama v. Smith*, 490 U.S. 794, 799 (1989) ("While the *Pearce* opinion appeared on its face to announce a rule of sweeping dimension, our subsequent cases have made clear that its presumption of vindictiveness 'do[es] not apply in every case where a convicted

defendant receives a higher sentence on retrial.'") (quoting *Texas v. McCullough*, 475 U.S. 134, 138 (1986).

*Chaffin* held that *Pearce*'s presumption does not extend to sentences from juries on retrial, so long as the jury is not informed of the prior sentence; simply knowing that there was a previous trial would not give rise to the presumption.  The Court also held that the *Pearce* presumption did not apply when different sentencers had assessed the varying sentences (a jury in the first trial and the judge on retrial). *McCullough*, 475 U.S. 134.   *Pearce* was found not to apply in two-tier trial systems because "the court which conducted [the] trial and imposed the final sentence was not the court with whose work [petitioner] was sufficiently dissatisfied to seek a different result on appeal; and it is not the court that is asked to do over what it thought it had already done correctly." *Colten v. Kentucky*, 407 U.S. 104, 116-17 (1972).  Finally, the Court instructed that *Pearce*'s presumption would only apply in circumstances "in which there is a 'reasonable likelihood,' that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority. Where there is no such reasonable likelihood, the burden remains upon the defendant to prove actual vindictiveness." *Alabama v. Smith*, 490 U.S. 794, 799 (internal citations omitted).

Petitioner may be technically correct that the *precise* situations from the cases described above are not replicated here, but that distinction is immaterial.  For instance, Petitioner was essentially retried by a new court like the petitioner in *Colten*.  It was Judge Baker that was reversed, not Judge Reynolds, and the fact that Judge Reynolds presided over a bond hearing during the first trial process does not create a reasonable likelihood that Judge Reynolds would be vindictive on retrial.  Petitioner also essentially asks the Court to ignore the jury's

involvement in the sentencing.  It is true that Arkansas judges are not bound by a jury's sentencing recommendations, but that does not mean the recommendation should be ignored when assessing whether a sentence was vindictive, particularly in light of *Chaffin*.  Further, even if *Pearce*'s presumption did apply here, the Court finds that an explanation for the increased severity was unnecessary due to the sentence merely being what the jury recommended.  Elected judges rarely depart from jury recommendations, and Petitioner has offered nothing to indicate vindictiveness apart from the fact that his second sentence was longer. *See, e.g.*, Nancy J. King & Rosevelt L. Noble, *Felony Jury Sentencing in Practice: A Three-State Study*, 57 VAND. L. REV. 885, 940-45 (2004) (discussing why Arkansas judges "seldom modify jury sentences").  Accordingly, the Court finds that the Arkansas Supreme Court's application of *Pearce* was not objectively unreasonable.

Second, Petitioner argues that trial counsel was ineffective for failing to object to the judge's decision to administer an *Allen* charge and for failing to move for a mistrial based on that decision. *See Allen v. United States*, 164 U.S. 492, 493 (1896).  During deliberation, a juror wrote a note to the judge indicating that he did not think the State had met its burden and that all of the other jurors felt like he was holding up the process because they all believed Petitioner was guilty.  The judge called counsel for both parties into his chambers, and defense counsel indicated that he thought a mistrial was the appropriate remedy.  Petitioner fails to provide any authority to support his argument that a motion for mistrial would have succeeded or that defense counsel was ineffective.  He merely assumes that a mistrial was warranted because the judge's *Allen* charge could be viewed as pressuring the lone juror to adopt the majority's verdict.

Such a contention is clearly without merit given the fact that the charge in *Allen* specifically urged the minority to consider the views of the majority.[1] *Id.* at 501-02; *see also Lowenfield v. Phelps*, 484 U.S. 231, 237 (1988) (discussing "traditional *Allen* charge"). Petitioner does not contest the wording of the charge; he simply concludes that giving any charge at all was unconstitutional.  There is no legal basis for such a position.  Further, it cannot be said that defense counsel's decision was objectively unreasonable.  Petitioner had already been found guilty by one jury, and counsel's decision to proceed when he knew that at least one juror was favorable was a valid strategic decision.[2]

Third, Petitioner argues counsel was ineffective for failing to move to strike potential juror Amanda Odom during voir dire on the ground that she was biased and therefore unqualified to serve on the jury.  During voir dire, trial counsel asked the potential jurors whether any of them believed that children of any certain age were "always truthful." Odom responded that "most nine or ten year olds don't know about that sort of thing yet, and, you know, depending on her background, if they were raised right, then I would have to believe the child. . . ."  Petitioner alleges this comment showed that Odom was predisposed to believe the testimony of the alleged victim(s) in this case and disbelieve any evidence to the contrary.

The Eighth Circuit has held that seating a biased juror is considered a "structural defect[] in the constitution of the trial mechanism," *Johnson v. Armontrout*, 961 F.2d 748, 756 (8th Cir.

---

[1] Although the Court agrees with Respondent's contention that this claim is procedurally defaulted, it will be addressed on the merits because it is plainly baseless. *See Lashley v. Armontrout*, 957 F.2d 1495, 1498-99 (8th Cir.1992).

[2] Petitioner's reply added a new claim regarding the judge's contact with the juror, but the Court will not discuss it because it was improperly raised, is procedurally defaulted, is meritless under *Strickland*, and is based on state, rather than federal, law.

1992), and *Strickland*'s prejudice prong is presumed when counsel commits a "structural" error, rather than a "trial" error. *Arizona v. Fulminante*, 499 U.S. 279, 309 (1991); *McGurk v. Stenberg*, 163 F.3d 470, 474 (8th Cir. 1998).  However, Petitioner has failed to demonstrate Odom's bias. He relies on *Johnson*, but the juror bias in that case was clear.  In addition to serious concerns regarding the rest of the jury, the Eighth Circuit found that two jurors were actually biased because "evidence showed unequivocally that at least two members of the Johnson jury and one member of the Johnson venire, all of whom had sat on [a codefendant's] jury, were convinced Johnson was guilty before his trial even started." *Johnson*, 961 F.2d at 754.  Odom's statement was hinged on qualifications and is not one that compels a finding of "bias or preformed opinion as a matter of law." *Beck v. Washington*, 369 U.S. 541, 557 (1962).

> To hold that the mere existence of any preconceived notion as to the guilt or innocence of an accused, without more, is sufficient to rebut the presumption of a prospective juror's impartiality would be to establish an impossible standard. It is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court.

*Irvin v. Dowd*, 366 U.S. 717, 723 (1961).  "Here, [Odom] was questioned individually during voir dire, stated that she had not formed an opinion about appellant's guilt or innocence, and affirmed that she would base her decision on the evidence presented during the trial." *Butler v. State*, 2011 Ark. 435, 384 S.W.3d 526, 533 (2011).

Petitioner has also failed to demonstrate that counsel's performance was deficient under *Strickland*.  Counsel provided reasonable explanations for his decision not to strike Odom, and the trial judge denied similar motions to strike other jurors.  The Arkansas Supreme Court's application of *Strickland* is entitled to great deference, and Petitioner has not met his burden.

Lastly, Petitioner argues that counsel was ineffective for informing the jury panel during voir dire that Petitioner had previously been tried for rape.   One of the potential jurors, Marilyn Woods, stated that she had previously served as a juror in a rape case, and counsel asked her: "Was it – was it involving this case?"   Petitioner provides no legal authority to support his assumption that both prongs of *Strickland* are satisfied by this question, he doesn't even argue that the Arkansas Supreme Court's application of *Strickland* was objectively unreasonable. Much like the state courts, the Court could decline to consider this undeveloped argument. *See Aulston v. Astrue*, 277 F. App'x 663, 664 (8th Cir. 2008).   However, the Court will briefly note that this claim is procedurally defaulted and meritless. *See Chaffin*, 412 U.S. 17 (mentioning that verdicts from jurors who knew of a defendant's prior trial were not unconstitutional *per se*).

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) be, and it is hereby, dismissed, with prejudice.   The relief prayed for is DENIED.

The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 28th day of October, 2013.

_____
United States Magistrate Judge

11